I agree with the majority's treatment of the fraud claim as a claim of promissory fraud, i.e., Birmingham Saw Works claimed "that Cabnetware promised to perform, or to abstain from, some act in the future." However, I disagree with the conclusion that there was insufficient evidence of fraud to warrant presentation of that claim to the jury. The majority basically holds that Cabnetware was entitled to a summary judgment on the claim of promissory fraud, but I cannot reach that conclusion, given our rule that on a motion for summary judgment this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable *Page 1039 
doubts against the movant. Wilson v. Brown, 496 So.2d 756, 758
(Ala. 1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381
(Ala. 1986). See also Hanners v. Balfour Guthrie, Inc.,564 So.2d 412 (Ala. 1990).
Bingham's testimony that he believed, when he wrote the "sixmonth" term in controversy, that he could terminate the agreement if he was dissatisfied with Birmingham Saw Works for any reason, is sufficient to enable a jury to find promissory fraud. I believe that a jury could reasonably infer that Bingham did not intend what he said when he represented that Birmingham Saw Works would have the distributorship agreement so long as it sold six software packages every six months. In other words, I find substantial evidence of fraud.
Had the jury's verdict been based on a finding of no promissory fraud, I would have voted to affirm. However, the record in this case indicates that the jury was not fully instructed as to the elements of promissory fraud. Because I agree with the majority that the fraud claim is based on promissory fraud, I conclude that the trial court's error in failing to instruct in this regard is not harmless. Accordingly, I agree that the judgment is due to be reversed and the cause remanded; however, I believe that on remand, Birmingham Saw Works should be allowed to present its evidence of fraud to a properly charged jury.
SHORES, J., concurs.